# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-419-RJC

| | |
|---|---|
| STANLEY BENTON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DANIEL (CHIPP) BAILEY, SHERIFF OF )<br>MECKLENBURG COUNTY, )<br>)<br>Respondent. )<br>  ) | **ORDER** |

**THIS MATTER** is before the Court on two Motions for Summary Judgment by Petitioner, (Doc. Nos. 7; 11), a Motion for Summary Judgment by District Attorney R. Andrew Murray and North Carolina Attorney General Roy Cooper, (Doc. No. 5), and a Motion for Summary Judgment by Respondent Mecklenburg County Sheriff Daniel ("Chipp") Bailey, (Doc. No. 9).

## I. BACKGROUND

On December 18, 2010, Petitioner was arrested on state criminal charges of assault with a deadly weapon, communicating threats, false imprisonment, and two counts of first-degree kidnaping. See (Doc. No. 6-1 at 4-8). On January 18, 2011, Petitioner was indicted in state court on two counts of first-degree kidnaping. See (Doc. No. 9-2: Ex. 1). On April 6, 2011, Petitioner was found guilty of assault with a deadly weapon, communicating threats, and not guilty on false imprisonment. See (Doc. No. 9-3: Ex. 2; Doc. No. 6-1 at 4). Petitioner received two, consecutive 150 day sentences, with credit for 109 days of pretrial confinement. See (Doc. No. 9-3: Ex. 2). Petitioner appealed his convictions on April 8, 2011. See (Doc. No. 9-4: Ex. 3).

On September 1, 2011, Petitioner Stanley Benton filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 against Mecklenburg County, alleging that he was being unlawfully restrained in the Mecklenburg County Jail, in case numbers 10 CR 259115, 259116, 260140, and 260142. (Doc. No. 1 at 1). He also alleged that he was assigned appointed counsel against his wishes. (Doc. No. 1 at 2-7).

On November 15, 2011, Petitioner was indicted in federal court on two counts of kidnaping in violation of 18 U.S.C. § 1201(a) and (g). See (3:11-cr-365 (W.D.N.C.), Doc. No. 1). On or about December 8, 2011, Petitioner consented to his pretrial detention on the federal charges. (Id., Doc. No. 5). As a result of the federal indictments, Petitioner's state criminal charges and convictions were dismissed on December 8 and 15, 2011. See (Doc. No. 9-5).

On January 18, 2012, this Court ordered that Respondent be substituted for Mecklenburg County and that Respondent file a response within thirty days. (Doc. No. 3). On January 19, 2012, District Attorney R. Andrew Murray and North Carolina Attorney General Roy Cooper filed an Answer to the Petition, and a Motion for Summary Judgment. (Doc. Nos. 4-6). Petitioner responded to the motion on January 31, 2012, by filing his own Motion for Summary Judgment. (Doc. No. 7). On February 7, 2012, Respondent filed an answer to the Petition. (Doc. No. 8).

On February 9, 2012, Respondent Bailey filed a motion for summary judgment on the ground that Petitioner is no longer being detained on state charges and, therefore, his Petition is moot. (Doc. No. 9). On February 14, 2012, Petitioner filed a response, and on February 16, 2012, Petitioner filed his own Motion for Summary Judgment. In his response, Petitioner does not address Respondent's argument regarding mootness. Rather, he contends essentially that the United States cannot assert jurisdiction over Petitioner and that the charges should be

"reinstate[d] back to state for dismissal without prejudice." (Doc. No. 11 at 5).

## II. ANALYSIS

A case becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (citing Murphy v. Hunt, 455 U.S. 478, 481 (1982)). Here, there are no more state criminal charges pending against Petitioner, and he is now being detained on two federal indictments.

Petitioner filed his 2241 Petition while his state charges were still pending. Since that time, his state charges have been dismissed. However, Petitioner remains incarcerated in the Mecklenburg County Jail on federal charges. Both state and federal inmates may challenge their pre-trial detention under Section 2241. In re Williams, 306 F. App'x 818 (4th Cir. 2009) (unpublished) (federal pre-trial detainee); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987) (state pre-trial detainee).

Petitioner's arguments that relate to allegedly unconstitutional actions of North Carolina state judges or prosecutors are moot. The State of North Carolina has dismissed all charges against Petitioner, he will not suffer any collateral consequences from these dismissals, and he would be free to go, but for the federal charges he faces. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (stating that "[o]nce the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole–some 'collateral consequence' of the conviction–must exist if the suit is to be maintained."). Thus, Petitioner's state law claims are **DISMISSED**.

In his Motions for Summary Judgment, Petitioner challenges the federal government's jurisdiction to prosecute him for the crimes for which he is now being held. (Doc. Nos. 7 at 11; 11). The Court construes these arguments as a motion to amend the petition. But even if the

Court were to allow these amendments to his original petition, the Court must dismiss Petitioner's case. "Where habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal." Meyers v. Mukasey, No. 3:08-cv-581, 2009 WL 210715, at *1 (E.D. Va. Jan. 28, 2009); see also Kotmair v. United States, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001) ("Principles of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court."). Petitioner's implied motion to amend is **DENIED**.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's Motions for Summary Judgment, (Doc. Nos. 7; 11), are **DENIED**;

(2) Mecklenburg County's Motion for Summary Judgment, (Doc. No. 5), is **GRANTED**;

(3) Respondent Sheriff Chipp Bailey's Motion for Summary Judgment, (Doc. No. 9), is **GRANTED**;

(4) The Petition for Writ of Habeas Corpus is **DISMISSED** with prejudice; and

(5) It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when

relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 24, 2012

Robert J. Conrad, Jr.
Chief United States District Judge